IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH COUNTS,<br><br>  Plaintiff,<br><br>v.<br><br>STEPHEN P. MCGLYNN,<br>LORETTA PAIGE, and<br>MERRICK GARLAND,<br><br>  Defendants. | Case No. 24-cv-2305-NJR |

# MEMORANDUM AND ORDER

**ROSENTENGEL, Chief Judge:**

  Plaintiff Joseph Counts filed this lawsuit challenging rulings in his federal criminal case. The case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

  Counts alleges that United States District Judge Stephen P. McGlynn violated his Fourth Amendment rights during his criminal trial when he denied his counsel's motion for bond (Doc. 1, p. 5). *See also United States v. Counts*, Case No. 21-cr-30068-SPM-1 (Docs. 80, 219). Instead of granting the motion, Judge McGlynn instructed counsel to file

his motion after the close of trial (Doc. 1, p. 5). Counts maintains that Judge McGlynn incorrectly used the "clear and convincing evidence" standard in making this determination. Counts also maintains that Judge McGlynn knew that Counts was neither a danger nor a flight risk because he shook Counts's hand after trial (*Id.*).

In addition to his claim against Judge McGlynn, Counts alleges that the Bureau of Prisons ("BOP") and/or the Department of Justice ("DOJ") failed to complete his competency restoration during the statutory time period. Counts argues that this failure amounted to a violation of his due process rights (*Id.*). It appears from Counts's criminal case that after a competency hearing on May 18, 2023, Counts was initially deemed not competent to stand trial. *See Counts*, Case No. 21-cr-30068-SPM (Docs. 152-153). He was transferred to the custody of the DOJ/BOP for further treatment (Doc. 153). In November 2023, Judge McGlynn noted that, prior to making a final determination as to Counts's competency, the BOP had to perform a psychiatric evaluation (Doc. 184). That evaluation was delayed due to a backlog at the BOP and the need to admit Counts to an inpatient facility (*Id.*). Judge McGlynn found the delay could implicate Counts's due process rights under the Insanity Defense Reform Act ("IDRA"), 18 U.S.C. § 4241(d), and ordered the Attorney General to hospitalize Counts by a date certain (*Id.*). *See also United States v. Donnelly*, 41 F.4th 1102 (9th Cir. 2022). Counts was committed, evaluated, and ultimately found competent to stand trial. *See Counts*, Case No. 21-cr-30068-SPM (Doc. 213). After a two-day jury trial, Counts was found guilty of the one count indictment (Docs. 250, 253). Counts now seeks monetary damages for the alleged due process violation caused by the

delay in his commitment to a hospital and evaluation under the IDRA, 18 U.S.C. § 4241(d).

## Discussion

Counts seeks monetary damages based on alleged errors by Judge McGlynn in his criminal proceeding. His claim focuses on the judicial decision to deny Counts pre-trial bond. But this claim falls within the purview of absolute immunity for "judicial acts." *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Forrester v. White*, 484 U.S. 219, 225–29 (1988); *Killinger v. Johnson*, 389 F.3d 765, 770 (7th Cir. 2004) (absolute judicial immunity shields "judicial actors from liability for civil damages arising out of the performance of their judicial functions"); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001). As such, Counts cannot maintain his claim against Judge McGlynn, and the claim is **DISMISSED with prejudice**.

Counts also seeks to bring a due process claim against high-ranking officials at the BOP and/or DOJ for their failure to conduct a timely competency evaluation pursuant to the IDRA. There are a number of issues with this claim. First, Counts only identifies Judge McGlynn as a defendant in the case caption. He fails to identify the director of the BOP, DOJ, or the Attorney General as a defendant in the case caption. To be considered a party, a defendant must be "specif[ied]…in the caption." *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005). Because Counts fails to list Loretta Paige (Director of the BOP) and Merrick Garland (U.S. Attorney General) in the caption, they are not considered defendants to the case.

Even if Counts had properly identified these entities and officials as defendants, he fails to state a claim. In essence, Counts argues that his rights were violated during his criminal trial when the BOP and DOJ failed to timely hospitalize, treat, and evaluate Counts pursuant to the IDRA, 18 U.S.C. § 4241(d)(1) (If a defendant is deemed mentally incompetent to stand trial, he shall be committed to the custody of the Attorney General and hospitalized "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward."). Although a delay in hospitalization and treatment can possibly implicate a criminal defendant's due process rights, as Judge McGlynn noted during Counts's criminal proceedings, the remedy for such a violation is a court order in the criminal proceeding to immediately hospitalize the defendant without further delay, or possible dismissal of the case. *See Donelly*, 41 F.4th at 1108 ("the district court possesses supervisory authority to order the government to rectify violations of law with remedies shaped to redress the corresponding injury"); *United States v. Carter*, 583 F. Supp. 3d 94, 102 (D.D.C. Jan. 27, 2022) ("the most natural remedy for a violation of [Section] 4241(d)(1) is…either commencing civil commitment proceedings or dismissing the defendant's indictment").[1] Counts's remedy was through a motion in his criminal case and/or a direct appeal of his conviction and/or sentence. He may also challenge the fact or duration of his

---

[1] The text of the IDRA contains no remedy provisions. *See Donelly*, 41 F.4th at 1106; *United States v. Delorme*, Case No. CR 19-2322 JB, 2023 WL 8020262, at * 27 (D.N.M. Nov. 17, 2023) (The statute's text "contains no remedy provisions.").

4

confinement by filing a petition for writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

To the extent that Counts seeks monetary damages for alleged due process violations as an individual committed to the custody of the DOJ and/or BOP pursuant to the IDRA, Counts fails to state a viable claim. The IDRA contains no remedy provision. Further, Counts fails to identify a legal basis for his lawsuit. Although he filed his claim on a form for civil rights complaints brought pursuant to 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), and the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680, he failed to identify the basis for the Court's jurisdiction. Section 1983 is not applicable to Counts's claim because he is a federal, as opposed to state, prisoner.

As Counts is an individual in federal custody, his claim for monetary damages would most likely implicate *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Supreme Court in *Bivens* acknowledged that "victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." *Carlson v. Green*, 446 U.S. 14, 18 (1980). The Court has explicitly recognized this implied damages remedy in only three contexts, however, including a claim for an unlawful search and seizure in violation of the Fourth Amendment in *Bivens*, 403 U.S. 388; a claim for gender discrimination in violation of the Fifth Amendment in *Davis v. Passman*, 442 U.S. 228 (1979); and a claim for the denial of medical care in violation of the Eighth Amendment in *Carlson v. Green*, 446 U.S. 14. In the four decades that have since passed,

the Supreme Court has not recognized a *Bivens* remedy in any other context. Moreover, the Supreme Court has cautioned lower courts against expanding this remedy into new contexts absent special circumstances. *Ziglar v. Abbasi*, 582 U.S. 120 (2017).

When presented with a proposed *Bivens* claim, a district court must undertake a two-step inquiry. *See Hernandez v. Mesa,* 589 U.S. 93, 102 (2020). First, the Court must ask whether the claim presents a new *Bivens* context. *Abbasi*, 580 U.S. at 138. Second, if the claim is a new context, the Court must then consider whether any special factors counsel hesitation in granting an extension of this remedy into the next context. *Id.*; *Hernandez*, 589 U.S. at 102. If even one reason gives the court pause before extending *Bivens* into a new context, the court cannot recognize a *Bivens* remedy. *Hernandez,* 589 U.S. at 102.

Counts's claim that officials violated his due process rights by detaining him without timely hospitalization would clearly present a new *Bivens* context. As to the second step, the court finds "special factors counseling hesitation," which would preclude extending *Bivens* to Counts's claim. As previously stated, Counts has other avenues for pursuing the alleged due process violation, through either a direct appeal or habeas petition. *Abbasi*, 582 U.S. at 137 ("if there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new *Bivens* cause of action"). Thus, the Court declines to extend *Bivens* to Counts's claim for damages.[2]

---

[2] Further, prosecuting attorneys are absolutely immune for activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Thus, Counts's claim against Merrick Garland also would likely be immune from a *Bivens* action.

The Court has considered whether Counts may be able to amend his Complaint and continue with this case. *Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015). But because his claims are legally frivolous, amendment would be futile. *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) ("District courts, nevertheless, 'have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile.'") (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)).

## Disposition

For the reasons set forth above, this entire action is **DISMISSED with prejudice**. Because the Complaint fails to state a claim upon which relief may be granted, **the dismissal will count as a strike for purposes of 28 U.S.C. § 1915(g)**.

Counts is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus any balance on the filing fee will remain due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). The Clerk's Office is directed to **ENTER** judgment and **CLOSE** this case accordingly.

If Counts wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than

twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

If Counts chooses to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(b); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). A motion for leave to appeal IFP must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If the appeal is found to be nonmeritorious, Counts may incur a strike under 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED: November 13, 2024**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**